UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ELRAH GFELLER, | ) |
|            Plaintiff(s), | ) Case No. 2:14-cv-01940-JCM-VCF |
| vs. | ) ORDER |
| DOYNE MEDICAL CLINIC, INC., | ) |
|            Defendant(s). | ) |

"We expect an attorney practicing law in federal court to become familiar with and follow rules applicable to practice in this court." *Dela Rosa v. Scottsdale Memorial Health Sys., Inc.*, 136 F.3d 1241, 1244 (9th Cir. 1998). As explained more fully below, it has become clear that Defendant's attorney (Nadin Cutter) is not sufficiently prepared to practice in this Court. Accordingly, the Court hereby **ORDERS** Ms. Cutter to (1) read the civil Local Rules of Practice for this District and Special Order No. 109 (including the attached "Electronic Filing Procedures") in their entirety; and (2) complete the CM/ECF training of "District Courts: Electronic Learning Modules" and the Streaming Video "CM/ECF: The Attorney's Perspective."[1] Ms. Cutter is further **ORDERED** to file a declaration indicating that she has done so no later than April 22, 2015.

On January 14, 2015, the undersigned issued an order scheduling an early neutral evaluation session for April 9, 2015. Docket No. 10. That order also required the parties to submit an evaluation

---

[1] This training can be found at https://www.pacer.gov/psc/etraining.html.

statement to the undersigned's chambers no later than April 2, 2015. *Id.* at 3. Defendant and Ms. Cutter failed to submit a statement by that deadline. In an effort to excuse that shortcoming, Ms. Cutter asserts that she was not even aware of that order until after that deadline had passed. *See* Docket No. 20 at 2. Ms. Cutter blames her lack of knowledge on the fact that her client did not have a copy of that order when she substituted into the case in February 2015. *See id.*[2] Ms. Cutter's lack of diligence is not a legitimate reason for failing to comply with a Court order. When Ms. Cutter substituted into this case as counsel of record, her signature on the stipulation for substitution "constituted an express acceptance of all dates then set for pretrial proceedings, for trial or hearing, by the discovery plan, or in any Court order." Local Rule IA 10-6(c); *see also* Docket No. 13 (request to substitute attorneys). As a corollary, Ms. Cutter had a duty to apprise herself of the proceedings to date and all deadlines already set by the Court. Ms. Cutter fails to explain how she believed she could fulfill that duty apparently without, *inter alia*, ever reviewing the docket.[3]

After Ms. Cutter failed to comply with the initial order to submit an evaluation statement, on April 6, 2015, the Court issued a minute order requiring Defendant to submit the evaluation statement to chambers no later than noon on April 7, 2015. Docket No. 18. Defendant and Ms. Cutter again failed to comply. Instead, Ms. Cutter telephoned the undersigned's chambers to "inform" the Court that she would not be submitting her early neutral evaluation statement by the deadline ordered. *See* Docket No. 19.[4]

---

[2] Ms. Cutter substituted into this case as lead counsel on February 27, 2015. *See* Docket No. 17.

[3] Relatedly, although the early neutral evaluation session had been set for months, Ms. Cutter brought scheduling conflicts to the Court's attention on the eve of the session.

[4] Telephoning chambers raises a host of problems and is prohibited except in very limited circumstances not present here. First, parties and counsel are generally prohibited from contacting the Court *ex parte*. Local Rule 7-6(a). Second, even when *ex parte* communications are not at issue, relief from the Court must generally be presented in writing and filed on the docket. *See* Local Rule 7-1(a) (stipulations "shall be in writing"); Local Rule 7-2(a) (except motions made at a hearing or during trial, motions "shall be in writing"). Third, counsel should be mindful that they are expected to interact with the Court's staff in a courteous manner. *See* Docket No. 19; *see also* Nevada Supreme Court Order ADKT 0492 (Mar. 5, 2014) (adding to Attorney's Oath that attorneys must conduct themselves in "a civil and professional manner, whether dealing with clients, opposing parties and counsel, judicial offices or the general public").

After Ms. Cutter failed to comply with the minute order to submit an evaluation statement, on April 7, 2015, at 1:49 p.m., the Court issued yet another minute order requiring Defendant to submit the evaluation statement to chambers, this time no later than 4:00 p.m. that day. Docket No. 19. Ms. Cutter now asserts that the second minute order was issued in error because the evaluation statement had been properly delivered at 1:29 p.m. and was accepted by the Court. Docket No. 20 at 3. Ms. Cutter is mistaken. No one with the name identified by Ms. Cutter works in the undersigned's chambers. Instead, as became apparent later through the Court's own inquiry, Ms. Cutter had the confidential evaluation statement delivered to the chambers of Judge Ferenbach and not to the undersigned's chambers. Judge Ferenbach is the presiding magistrate judge on the case and <u>not</u> the settlement judge overseeing the early neutral evaluation process.[5] Delivering the evaluation statement to Judge Ferenbach's chambers was clearly inappropriate. *See, e.g.*, Local Rule 16-6(f) ("Parties shall submit to the chambers of the evaluating magistrate judge their written evaluation statements"). Indeed, doing so is particularly inappropriate in the context of an early neutral evaluation, as the program is **specifically designed** such that the assigned district judge and magistrate judge are not privy to the parties' positions advocated during the early neutral evaluation process. *See, e.g.*, Docket No. 10 at 3 ("The purpose of the evaluation statement is to assist the undersigned Magistrate Judge [Judge Koppe] in preparing for and conducting the ENE session. **The written evaluation statements will not be seen by or shared with the district judge or magistrate judge to whom the case is assigned. The evaluation statements will be seen by no one except the undersigned and her staff**." (emphasis in original)). That is the entire purpose of having another magistrate judge involved in the case solely to preside over the early neutral evaluation process and any resulting issues.

---

Fourth, it is not the responsibility of the Court's staff to take time away from their other duties to educate counsel on the basic procedures of practicing law in this Court. *Cf.* Docket No. 19 (advising Ms. Cutter that "she is not permitted to telephone the undersigned's chambers to seek legal or procedural advice").

[5] In the telephone conversation discussed above, Ms. Cutter repeatedly complained that her staff had been told earlier in the day in a separate telephone call that the Court would not allow a faxed copy of the evaluation statement. No one in the undersigned's chambers received such a telephone call and, instead, it appears that Ms. Cutter's staff called the wrong chambers in confusion.

In short, Ms. Cutter failed to comply with <u>three</u> Court orders to timely deliver the evaluation statement to the undersigned's chambers and the evaluation statement only arrived in the undersigned's chambers when the Court's staff invested the time to investigate whether it had been improperly delivered elsewhere. Ms. Cutter and her staff have also disrupted the Court's ability to attend to pressing matters by improperly calling the Court on several occasions. Lastly, Ms. Cutter's conduct has led to the disruption of the Court's calendar by filing a request to vacate the early neutral evaluation on its eve when the deadline had been set by the Court months earlier.[6]

What the above makes clear is that Ms. Cutter is not sufficiently prepared to practice law in this Court. In those circumstances, it is proper for the Court to require counsel to educate herself so that she becomes more prepared and similar future incidents can be avoided. *See 4 Exotic Dancers v. Spearmint Rhino*, 2009 WL 250054, *1 n.1 (C.D. Cal. Jan. 29, 2009) (requiring counsel to read the local rules, electronic filing procedures, and orders regarding motion practice and procedure, and to file a declaration indicating that he had done so); *see also Caldwell v. Prime Sonoma Shadows, LLC*, 2012 WL 5381504, *3 (D. Nev. Oct. 30, 2012) (where failure to comply with procedures of the Court stems from ignorance, finding it proper to order attorneys to take a continuing legal education course); *Kwok v. Reconstrust Co., N.A.*, 2010 U.S. Dist. Lexis 128063, *5-6 (D. Nev. Nov. 19, 2010) (courts are permitted to "requir[e] participation in CLE courses, seminars, and other educational programs"). As such, the Court hereby **ORDERS** Ms. Cutter to (1) read the civil Local Rules of Practice for this District and Special Order No. 109 (including the attached "Electronic Filing Procedures") in their entirety; and (2) complete the CM/ECF training of "District Courts: Electronic Learning Modules" and the Streaming Video "CM/ECF: The Attorney's Perspective."[7] Ms. Cutter is further **ORDERED** to file a declaration indicating that she has done so no later than April 22, 2015.

**<u>The Court further advises Defendant and Ms. Cutter that it expects strict compliance with Court orders and applicable rules in the future, and that the failure to comply may result in the imposition of significant sanctions.</u>** *Cf. Garcia v. Geico Cas. Co.*, 2015 U.S. Dist. Lexis 2155, *8-10

---

[6] This is not an exhaustive recounting of Ms. Cutter's conduct over the last few days.

[7] This training can be found at https://www.pacer.gov/psc/etraining.html.

(D. Nev. Jan. 6, 2015) (sanctioning attorneys $7,500 for repeating same misconduct after being ordered in previous case to read the local rules and Special Order No. 109).

IT IS SO ORDERED.

DATED: April 8, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge